## OWL CREEK COAL CO. v. GOLEB.

(Circuit Court of Appeals, Eighth Circuit.   May 1, 1916.)

No. 4321.

1. APPEAL AND ERROR �kö=1003—REVIEW—QUESTIONS OF FACT—VERDICT.
    Where there is substantial evidence in support of a verdict and judgment, the fact that the weight of all the evidence is strongly against the plaintiff does not authorize an appellate court to substitute its opinion for that of the trial court and jury.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943;   Dec. Dig. ⊙=1003.]

2. MASTER AND SERVANT ⊙=185(12)—INJURIES TO SERVANT—FELLOW SERVANTS—NATURE OF EMPLOYMENT.
    Workmen, engaged in clearing up a coal mine after a blast of explosives, so far as they are intrusted with the performance of the primary duty of their employer in respect of a safe working place, are not the fellow servants of an employé who operates a machine for undercutting a vein of coal.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 399;   Dec. Dig. ⊙=185(12).]

3. TRIAL ⊙=260(1)—INSTRUCTIONS—REQUESTS—INCLUSION IN CHARGE GIVEN.
    The refusal of an instruction, which so far as proper is embraced in the charge given, is not error.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 651;   Dec. Dig. ⊙=260(1).]

⊙=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. MASTER AND SERVANT** ⚬⟹291(1)—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS.

In an action for injuries to a servant, while operating a machine for undercutting a vein of coal, caused by the fall from the roof of coal which had not been removed after the preceding blast, an instruction which did not distinguish between the face of the coal at which plaintiff was engaged and the roof above him was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1133; Dec. Dig. ⚬⟹291(1).]

**5. MASTER AND SERVANT** ⚬⟹295(7)—INJURIES TO SERVANT—ACTIONS—INSTRUCTIONS—ASSUMPTION OF RISK.

In an action for injuries to a servant, an instruction including among the dangers assumed by plaintiff those which should have been known to and appreciated by him in the exercise of ordinary care was properly refused.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1175; Dec. Dig. ⚬⟹295(7).]

**6. WITNESSES** ⚬⟹269(1)—CROSS-EXAMINATION—SCOPE AND EXTENT.

The right of cross-examination is not limited to the precise, narrow scope of the questions in chief, but extends to the subject-matters of the direct examination.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 949; Dec. Dig. ⚬⟹269(1).]

**7. APPEAL AND ERROR** ⚬⟹1048(6)—REVIEW—HARMLESS ERROR—CROSS-EXAMINATION OF WITNESS.

In an action for injuries to a servant in a coal mine, where plaintiff had testified positively that he did not examine the roof of the place where he worked on the occasion in question, the exclusion of questions on his cross-examination as to how long it took to sound the roof of a working place, whether he ever examined it for loose coal, in the absence of the mine foreman, before setting up his machine, and how long he drove his machine before he looked around at top and walls of his working place, was without prejudice to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4145; Dec. Dig. ⚬⟹1048(6).]

**8. WITNESSES** ⚬⟹280—CROSS-EXAMINATION—TRICK QUESTIONS.

In an action for injuries to a servant by the fall of coal from the roof of the mine, a question to plaintiff on cross-examination as to how long he drove his machine before he looked around at top and walls of his working place might properly be excluded, as being framed unfairly and calculated to trick the witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 988, 990–993; Dec. Dig. ⚬⟹280.]

In Error to the District Court of the United States for the District of Wyoming; Robert E. Lewis, Judge.

Action by Peter Goleb against the Owl Creek Coal Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William E. Hutton, of Denver, Colo. (Bruce B. McCay, of Denver, Colo., on the brief), for plaintiff in error.

E. E. Enterline, of Billings, Mont. (T. W. La Fleiche, of Sheridan, Wyo., on the brief), for defendant in error.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

⚬⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HOOK, Circuit Judge.   Goleb, the plaintiff, recovered a judgment for personal injuries caused by the neglect of the Coal Company, in whose service he was, to perform its duty in respect of a safe working place.   A previous judgment was reversed.   The details of the case will be found in the reported opinion.   127 C. C. A. 27, 210 Fed. 209. The plaintiff operated a machine for undercutting a vein of coal in defendant's mine, preparatory to the use of explosives to loosen or dislodge it.   The vein of coal was 8 or 9 feet thick, and the roof, when cleaned of hanging coal and rock, was at least that distance above the floor of the entry or chamber.   While engaged in working his machine near the breast or face of the vein, some coal which had not been removed from the roof after the preceding blast fell upon and seriously injured him.

[1]  The principal complaint is that the trial court denied defendant's motion for a directed verdict at the close of the evidence.   It cannot reasonably be said that there was not substantial evidence supporting the plaintiff's side of every issue of fact involved in the case; that is to say, the questions of the negligence of the defendant, the plaintiff's assumption of the risk, and his contributory negligence—whether the danger was in the face of the coal at and into which the plaintiff was working or in the roof above him, whether it was his or defendant's duty to look to the condition of the roof under which he worked, whether he knew of the danger in the roof, either by his own observation or by warning from others, and whether the danger was so patent as to be readily observable by him under the circumstances.   There being substantial evidence in support of the verdict and judgment, the fact that the weight of all the evidence was strongly against the plaintiff does not authorize us to substitute our opinion for that of the trial court and jury.   That is too well settled to dwell upon.

[2-5]  There was no error in refusing the requests for instructions. One request was that the workmen engaged in clearing up the place after the previous blast were fellow servants of the plaintiff.   So far as they were intrusted with the performance of the primary duty of their common employer in respect of a safe working place they were not his fellow servants.   Another was that if the plaintiff inspected or tried to pick down the coal which afterwards fell on him he could not recover.   To the extent that this was proper it was embraced in the general charge as to the plaintiff's knowledge or notice of the unsafe condition.   Some of the requests denied did not distinguish the face of the coal at which the plaintiff was engaged from the roof above him. The distinction was important to the relative rights of the parties, and the court properly instructed the jury in effect that plaintiff's case depended upon the unsafe condition of the roof.   In another request the dangers assumed by the plaintiff were recited as including those "which should have been known to and appreciated by him in the exercise of ordinary care."   We have frequently held the quoted phrase to be an inadmissible extension of the doctrine of assumption of risk.   There was no error in the charge of the court.   It was full and clear, and correctly stated the law applicable to the case.

[6-8]  On cross-examination of the plaintiff he was asked by counsel for defendant how long it took to sound the roof of a working place,

whether he ever examined it for loose coal in the absence of the boss (mine foreman) and the loaders before setting up his machine, and how long he drove his machine before he looked around at top and walls of his working place. Objections to the first and second questions, as not proper cross-examination and immaterial or irrelevant, were sustained generally, and the third was excluded as not proper cross-examination. The right of cross-examination is not limited to the precise, narrow scope of the questions in chief, but extends to the subject matters of the direct examination. Tested by this rule, none of the questions were objectionable; but we think they were immaterial, and that the rulings were without prejudice. The witness had already testified positively that he did not examine the roof of the place where he worked on the occasion in question, and the essential point of his case was that he was not required to do so, but that the duty of inspection and safeguarding was on his employer and he had a right to rely upon the performance of that duty. Moreover, the last question might well have been excluded as being framed unfairly and calculated to trick the witness.

The judgment is affirmed.